### EAST BOSTON ECUMENICAL COMMUNITY, et al.,

v.

### Angelo P. MASTRORILLO, et al.

### Civ. A. No. 88–2487–WD.

United States District Court,
D. Massachusetts.

Nov. 26, 1990.

See also 124 F.R.D. 14.

William A. Horne, Goulston & Storrs, Boston, Mass., for plaintiffs.

Robert L. Ciociola, Weiss, Angoff, Coltin & Koski, Boston, Mass., for defendants.

MEMORANDUM AND ORDER ON MOTION TO COMPEL ATTENDANCE OF DEFENDANT ANGELO P. MASTRORILLO AT HIS DEPOSITION AND FOR SANCTIONS (# 151)

ROBERT B. COLLINGS, United States Magistrate.

After hearing, it appears that the only portion of the Motion To Compel Attendance Of Angelo P. Mastrorillo At His Deposition And For Sanctions (# 151) which is not moot is the request for sanctions. Plaintiffs seek costs, including reasonable attorney's fees, incurred as a result of Mr. Mastrorillo not appearing for his deposition, including the costs incurred in the preparation and filing of the within motion and the Affidavit Of Rebecca Benson (# 158).

The salient facts are that Mr. Mastrorillo's deposition was noticed on July 24, 1990 to commence on September 12, 1990. This was set by agreement of plaintiffs' counsel and Mr. Mastrorillo's then-counsel, Richard A. Johnston, Esquire.

On September 7, 1990, five days before the scheduled deposition, Mr. Johnston filed a Motion To Withdraw As Counsel. No mention was made in the motion that any new counsel would be entering an appearance. The only mention of the deposition was that Mr. Johnston asserted that Mr. Mastrorillo had instructed him that ". . . neither [Mr. Johnston] nor anyone else at Hale & Dorr is to go forward with his deposition." Plaintiffs' attorneys protested in a letter to Mr. Johnston of September 10, 1990, stating that ". . . we cannot assent to any further postponement of Mr. Mastrorillo's deposition . . . [that] we intend to go forward with Mr. Mastrorillo's deposition beginning on Wednesday, September 12, 1990 . . . [and that] if Mr. Mastrorillo fails to appear, we will move to compel discovery and seek appropriate sanctions." Mr. Johnston replied in a letter dated September 11, 1990 which read, in pertinent part:

Mr. Mastrorillo has indicated that he does not want Hale & Dorr to represent him any further, including at his deposition which has been scheduled for tomorrow. Inasmuch as I will be in Connecticut tomorrow on trial, I would not be able to represent him in any event.

Under the circumstances, no one from Hale & Dorr will be present tomorrow, and I would not expect Mr. Mastrorillo to appear.

Again, no mention was made of the retention of successor counsel.

Plaintiffs' counsel responded in a letter of September 11, 1990. He advised Mr. Johnston of the provisions of then Local Rule 7 which provided for withdrawal of counsel only upon the entry of the appearance of successor counsel. He then wrote:

[W]e cannot assent to any further postponement of Mr. Mastrorillo's deposition. Again, we fully intend to go forward with that deposition tomorrow morning at 10:00 a.m. at our offices. While we understand that you personally may not be able to be present, we also understand that there are other attorneys in your office who could appear at the deposition. Again, if Mr. Mastrorillo does not

appear, we will move to compel his attendance and for appropriate sanctions.

Neither Mr. Mastrorillo nor anyone acting on his behalf appeared on September 12, 1990 for the deposition.

In these circumstances, plaintiffs filed the Motion To Compel Attendance Of Angelo P. Mastrorillo At His Deposition And For Sanctions (# 151) on September 14, 1990 and the Affidavit Of Rebecca Benson (# 158) on October 2, 1990.

On September 20, 1990, Mr. Ciociola filed his appearance in this case as successor counsel to Attorney Johnston.

The matter is governed by Rule 37(d), Fed.R.Civ.P. which provides, in pertinent part:

> ... [T]he court shall require the party failing to ... [appear for his deposition] or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the Court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

> The failure to act described in this subdivision may not be excused on the ground that the discovery sought is objectionable unless the party failing to act has applied for a protective order as provided by Rule 26(c).

I find that Mr. Mastrorillo's failure to attend his deposition without first applying for a protective order was not substantially justified and that there are no other circumstances which make an award of expenses unjust.

First, a party cannot unilaterally decide that he or she is not going to attend a duly-noticed deposition without at least applying for a protective order before the time set for the deposition. Mr. Mastrorillo may have been justified in seeking to discharge his attorneys, but he cannot use the decision to discharge his attorneys as a vehicle for unilaterally halting the proceedings. Put another way, a party does not achieve an automatic stay of proceedings merely by instructing his attorneys to cease representing him. In this case, Mr. Mastrorillo's unilateral acts left plaintiffs in the posture of having no idea whether or not successor counsel would enter an appearance, and if so, when, and if so, when Mr. Mastrorillo would appear for a deposition, or if Mr. Mastrorillo intended to proceed *pro se*, and if so, whether or when he would appear for a deposition. If he was intent on discharging counsel, he should have instructed Mr. Johnston to file a motion for a protective order seeking a stay of the deposition until a change of counsel could be accomplished. But he cannot unilaterally call a halt to legal proceedings which have been brought against him.

An award of expenses is not unjust. The costs incurred by the plaintiffs were the direct result of Mr. Mastrorillo's decision to discharge his attorneys. Regardless of whether Mr. Mastrorillo was justified making this decision, it would be unjust to require to plaintiffs to bear the costs incurred because of Mr. Mastrorillo's action.

Accordingly, it is ORDERED that the Motion To Compel Attendance Of Angelo P. Mastrorillo At His Deposition And For Sanctions (# 151) be, and the same hereby is, ALLOWED to the extent that, pursuant to Rule 37(d), Fed.R.Civ.P., the defendant, Angelo P. Mastrorillo, shall be required to pay to counsel for the plaintiffs the reasonable expenses, including attorney's fees, which they incurred and which were caused by Mr. Mastrorillo's failure to appear at his deposition at 10:00 A.M. on September 12, 1990 at the offices of Goulston & Storrs.

As to the amount to be awarded, I find the amount claimed for Mr. Horne (.8 hours at $215.00 per hr. = $172.00) to be reasonable. I find the amount claimed for Ms. Benson (2.1 hours at $125 per hr. = $262.50) to be reasonable. I find the attendance fee of the court reporter ($79.00) to be reasonable, and the amount claimed for paralegal services (1.5 hours at $60.00 per hr. = $90.00) to be reasonable. According to my calculations, the four figures total $603.50.

Angelo P. Mastrorillo is ORDERED, pursuant to Rule 37(d), Fed.R.Civ.P., to pay to counsel for the plaintiffs the sum of

$603.50 *on or before the close of business on Monday, December 31, 1990.*